IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Actio No. 05-cv-01472-REB-KMT

DANIEL ROBLES-GARCIA,

    Applicant,

v.

H.A. RIOS, JR., Warden,

    Respondent.

## ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS

**Blackburn, J.**

This matter is before me on the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [#2], filed August 4, 2005. The respondent filed an answer [#7], and the applicant filed a reply [#8]. For the reasons discussed below, the application is denied, and this case is dismissed.

## I. FACTS

This statement of the facts is drawn from the respondent's answer [#7], and the attached exhibits. The applicant has not indicated that he disputes any of the facts described by the respondent. Rather, the applicant disputes the application of the law to the undisputed facts.

On February 9, 2000, the applicant, Daniel Robles-Garcia, was indicted in the United States District Court for the District of Utah on a charge of illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326. At the time of his indictment, Robles-Garcia was serving one or more prison sentences imposed by Utah state courts. After the indictment, the federal court issued a Writ of Habeas Corpus ad Prosequendum and

under that writ Robles-Garcia made his initial court appearance on the federal charge on May 5, 2000. On June 29, 2000, Robles-Garcia pleaded guilty to count one of his federal indictment, and he was sentenced on the resulting conviction on September 18, 2000. The sentencing court sentenced Robles-Garcia to a 70 month term of incarceration. The sentencing court recommended that the Bureau of Prisons grant Robles-Garcia "credit for time served under federal custody." *Answer* [#7], Attachment 4 (Judgment in a Criminal Case), p. 4. The federal court did not direct that the federal sentence run concurrently with Robles-Garcia's state sentence. *Id.*

Robles-Garcia was granted parole on his last Utah state sentence on March 26, 2002, and he was transferred to the custody of the Bureau of Prisons a short time later. The Bureau of Prisons calculated Robles-Garcia's federal sentence as having begun on March 26, 2002, the date on which he was granted parole by the State of Utah. In his application, Robles-Garcia claims that his federal sentence should be treated as having begun on May 5, 2000, the date on which he made his initial appearance on the federal charge. The applicant proposes also that his federal sentence be treated as having begun on July 13, 1999. On that date, Robles-Garcia was before a Utah state court on an allegation of probation violation, and on new state charges filed under case number 991800198. *Application*, Exhibit C. The court deferred the probation violation matter until the new state charges were resolved. *Id.* The court's minutes indicate also that Robles-Garcia was under a federal detainer at that time. *Id.* Apparently, Robles-Garcia claims that the existence of the federal detainer on that date requires that his federal sentence, which was imposed on September 18, 2000, be treated as having commenced on July 13, 1999.

## II. ANALYSIS

28 U.S.C. § 2241 provides, inter alia, that the writ of habeas corpus may extend to a person "in custody in violation of the Constitution or laws or treaties of the United States." Robles-Garcia argues that he is entitled to have his federal sentence calculated as having begun on an earlier date than the date used by the Bureau of Prisons and that he is entitled to an earlier release if the earlier beginning date is used. Robles-Garcia has no entitlement to have his sentence calculated as having begun any earlier than March 26, 2002.

> Under 18 U.S.C. § 3583(a), a federal sentence
>
> to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

Under 18 U.S.C. § 3583(b), a

> defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence.

From the time Robles-Garcia was indicted on the federal charge, February 9, 2000, until he was paroled on his last Utah state sentence on March 26, 2002, Robles-Garcia was in the primary custody of the State of Utah and he was receiving credit against his Utah sentences. March 26, 2002, was the first day that Robles-Garcia was in official detention but not receiving credit against his Utah state sentences. Further, nothing in the record indicates that Robles-Garcia was in custody solely on a federal detainer or sentence at any time between July 13, 1999 and March 26, 2002. Applying the clear language of § 3583, March 26, 2002, was the proper date for the Bureau of Prisons to use as the date on which Robles-Garcia began to serve his federal sentence. Absent

3

the imposition of concurrent sentences, Robles-Garcia was not entitled to credit against his federal sentence until service of his state sentence was completed.  **See, e.g., Binford v. U.S.** 436 F.3d 1252 (10th Cir. 2006) (defendant received federal sentence while serving state sentence; federal sentence did not begin until defendant received in federal custody after completing service of state sentence).

It appears likely that Robles-Garcia has been released from incarceration on his federal sentence.  If that is true, then this case is moot and Robles-Garcia is not entitled to habeas relief.  However, even if Robles-Garcia is still in custody on his federal sentence, he is not entitled to habeas relief.

**THEREFORE IT IS ORDERED** as follows:

1) That the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [#2], filed August 4, 2005, is **DENIED**;

2)  That the application and this case are **DISMISSED WITH PREJUDICE**; and

3)  That the respondent is **AWARDED HIS COSTS** to be taxed by the Clerk of the Court pursuant to FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated February 12, 2009, at Denver, Colorado.

                                  **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge